UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE ALLEN BURD, #252986,

    PLAINTIFF,                                    CASE NO. 02-74280

VS.                                             HONORABLE NANCY G. EDMUNDS
                                                  HONORABLE STEVEN D. PEPE

MICHIGAN DEPARTMENT OF CORRECTIONS,
WILLIAM S. OVERTON, BILL MARTIN, DAN
BOLDEN, BARBARA N. BOCK, RUTH N. SMITH,
SAMUEL TEED, JAN EPP, RICHARD MAXWELL,
CHARLES A.WILLIAMS, TERRY L. WILBURN,
SCOTT A. SCHOOLEY, DANIEL L. REED, GARY
GOTTLEBER, GREGORY MCQUIGGEN, LAWRENCE
J. HOUGH, CHARLES A. KLINGSHIRN, AND CHERYL
BOLONGA (A/K/A CHERYL A. SOELTNER),

    DEFENDANTS.
_____/

REPORT AND RECOMMENDATION ADDRESSING DEFENDANT GOTTLEBER'S
MOTION TO DISMISS (DOCKET NO. 75)

      Leslie Allen Burd is a prisoner in the custody of the Michigan Department of Corrections ("MDOC"). Plaintiff filed a *pro se* civil rights complaint against the MDOC and several individual Defendants pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fifth, Eighth, and Fourteenth Amendment rights. The other defendants have been dismissed. Defendant Gottleber was not included on previous motions because he was on active military duty. He has returned, was served, and filed a Rule 12(b) motion to dismiss on January 12, 2005. All pretrial proceedings were referred to the undersigned pursuant to 28 U.S.C. §§ 636(b)(1)(A),(B). For the following reasons, IT IS RECOMMENDED that Defendant's Motion to Dismiss be DENIED.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that at a June 21, 1999, notice of intent hearing, at which he claims Defendant Gottleber and Daniel Reed[1] were present, he testified that he had been denied dental care, retaliated against for filing grievances, and had not been protected from violent cell mates. Plaintiff claims that upon returning to protective segregation, Reed and Defendant Gottleber scraped a small amount of tobacco, which is prohibited in protective segregation, out of his coat pocket. Defendant Gottleber wrote a major misconduct ticket, and Plaintiff was found guilty. Plaintiff asserts that this conduct was harassment and retaliation for his testimony at the hearing.

On June 22, 1999, Plaintiff filed a Step I grievance which was denied in part because the grievance process lacked jurisdiction over the matter; it was recommended that Plaintiff raise his concerns with a hearing investigator. Plaintiff was found guilty of the misconduct on July 7, 1999, and his request for a rehearing was denied on November 2, 1999. Plaintiff then filed a petition for judicial review which was denied for lack of jurisdiction as untimely by Circuit Court Judge Carolyn Stell. Subsequently, Circuit Court Judge James Giddings, presiding because Judge Stell had retired, granted Plaintiff's Motion for Relief from Judgment. On October 4, 2001, Judge Giddings reversed the conviction because MDOC could not produce the tobacco.

Plaintiff filed the complaint in this case on October 30, 2002. Defendant was not involved in the previous motions in this case because of his military status. In the interim, Plaintiff was deemed to have exhausted his administrative remedies against Gottleber. Plaintiff

---

[1] Reed has been dismissed from this lawsuit because of Plaintiff's failure to exhaust administrative remedies against him.

alleges that Defendant Gottleber inflicted cruel and unusual punishment and violated his due process rights through the major misconduct ticket and conspired, in retaliation, to violate Plaintiff's constitutional rights.

II.   ANALYSIS

    A.   Standard of Review- Dismissal for Failure to State a Claim

A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Moreover, *pro se* complaints are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Ordinarily, a court may decide a motion to dismiss only on the basis of the pleadings.  *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993).

The Prison Litigation Reform Act of 1995 ("PLRA"), which applies to all claims filed after April 26, 1996, mandates that a court screen a prisoner's complaint and dismiss any claims raised that are frivolous, malicious, or fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  Likewise, a court shall dismiss any claims raised by a plaintiff proceeding *in forma pauperis* which fail to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B).  Courts may dismiss any claim or action that is frivolous or fails to state a claim without first requiring exhaustion of administrative remedies.  42 U.S.C. § 1997e(c).

B.     Factual Analysis

1.     *Due Process/Retaliation and Cruel and Unusual Punishment – Major Misconduct Ticket*

Plaintiff alleges that Defendant violated the Eighth Amendment's protection against cruel and unusual punishment and the Fourteenth Amendment's due process protection. Although Defendant's detailed motion to dismiss treated this as a procedural due process claim, Plaintiff's is also asserting substantive claims under the Eighth and First Amendments in addition to his Fourteenth Amendment challenge to the administrative process related to his misconduct ticket.

a.     *Cruel and Unusual Punishment*

Prisoners may raise two types of Eighth Amendment claims: those regarding the conditions of confinement and those alleging excessive force. *Thaddeus-X v. Blatter*, 175 F.3d 378, 400-01 (6th Cir. 1999) (en banc). Plaintiff's claim implicates the conditions of his confinement. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Neither Defendant's alleged conduct, even if retaliatory in nature, nor the punishment imposed on Plaintiff – "7 days of toplock, one point against his record, and a deduction of disciplinary credits days" – are "sufficiently grave" to establish a violation of the Eighth Amendment. Thus, this claim should be dismissed.

b.     *Due Process/Retaliation*

(1.) *Procedural Due Process:*  Plaintiff's procedural due process claim is based on his not having the benefit of the hearing investigator, witnesses, or documents he requested, causing

him to suffer severe mental and physical distress, depression and anxiety. He also complains of the costs of achieving a reversal of the false tobacco smuggling charge.

  First, it is not clear that Plaintiff has a liberty interest entitling him to procedural due process. *Sandin v. Conner*, 115 S.Ct. 2293 (1995), rejected a procedural due process claim by an inmate who received a 90 days disciplinary confinement without an opportunity to present witnesses at his misconduct hearing. This violated mandatory language under state law concerning disciplinary hearings. Yet, the Supreme Court, even while assuming Sandin's misconduct hearing was procedurally defective under state law, nonetheless determined that Sandin did not have a liberty interest in being free from disciplinary segregation that was protected by the Fourteenth Amendment right to due process. The Court, in rejecting the view that mandatory language in a state statute or regulation creates a protected liberty interest, stated:

> [W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin*, 115 S. Ct. 2293, 2300 (1995) (citations omitted).

  If Sandin's 90 days disciplinary confinement was not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," Plaintiff's toplock would also not qualify as a sufficient hardship to require procedural due process protections. It is not clear whether Plaintiff's loss of disciplinary credits could affect his parole eligibility and thus his out time resulting in an extension of his sentence which the *Sandin* Court

5

suggested was covered by procedural due process.  Yet, this issue need not be resolved because Plaintiff's procedural due process claim fails for other reasons.

Even if we assume this dely in out time does identify a liberty interest protected by the Fourteenth Amendment, Plaintiff does not allege facts that demonstrate that the state post-deprivation proceedings were inadequate.  There is no denial of procedural due process when "'the opportunity given for ultimate judicial determination . . . is adequate.'" *See Parratt v. Taylor*, 451 U.S. 527, 538-40 (1981) (quoting *Phillips v. Comm'r*, 283 U.S. 589, 596-97 (1931)), *overruled in part by Daniels v. Williams*, 477 U.S. 327 (1986).  Here the Plaintiff ultimately prevailed under the process provided him by the state, and the transactional delays caused by the procedural steps needed for the process to work do not in this case make the process constitutionally inadequate.

(2). *Substantive Due Process:*  Plaintiff, in a pleading regarding a prior motion, cited *Cale v. Johnson*, 861 F.2d 943 (6th Cir. 1988), *modified by Thaddeus-X v. Blatter*, 175 F.3d 378, 387-88 (6th Cir. 1999) (*en banc*), to allege that claims of retaliation must be raised under the substantive due process provisions of the Fourteenth Amendment.  The longstanding confusion caused by the peculiar analysis of *Cale* has largely been ended by *Thaddeus-X*.

It is clear that:

> Substantive due process claims are of two types.  The first type includes claims asserting denial of a right, privilege, or immunity secured by the constitution or by federal statute other than procedural claims under "the Fourteenth Amendment *simpliciter*"
> The other type of claim is directed at official acts which may not occur regardless of the procedural safeguards accompanying them.  The test for substantive due process claims of this type is whether the conduct complained of "shocks the conscience" of the court.

*Mertik v. Blalock, 983 F/2d. 1353. 1367 (6th Cir. 1993)*

6

Thus, substantive due process claims under the Fourteenth Amendment include: *(I)* those constitutional rights under the first eight amendments to the United States Constitution that have been incorporated into the Fourteenth Amendment for application against state actors; and *(ii)* those actions that "shock the conscience." If a substantive due process claim is one of the former type involving a specific constitutional provision, the claim must be addressed according to the standard governing that provision. *Graham v. Connor*, 490 U.S. 386, 394 (1989); *Bell v. Johnson*, 308 F.3d 594, 610 (6th Cir. 2002).

Here, Plaintiff is alleging that Defendant retaliated against him because at a notice of intent hearing Plaintiff testified to inadequate dental care and other mistreatment by MDOC staff. His substantive due process claim is retaliation for his exercise of his rights to petition for a redress of grievances under the First Amendment.

*Thaddeus-X* states the standard for whether a plaintiff may recover for such alleged retaliation and asks whether:

> (1) the plaintiff engaged in protected conduct, (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements one and two–that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X*, 175 F.3d at 394.

Here Plaintiff alleges that he engaged in protected conduct when he testified at a notice of intent hearing to inadequate dental care and other allegedly improper conduct at the prison. *See Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996) (grievances filed by an individual committed to a state-run mental hospital are protected conduct); *Cale*, 861 F.2d at 950-51 (a *Bivens* action finding that even an informal complaint about prison food service is conduct

protected against retaliation by prison staff), *modified on other grounds by Thaddeus-X*, 175 F.3d at 387-88.  On the way back to his cell after the hearing, Plaintiff alleges that Reed and Defendant Gottleber searched his coat pockets and that Gottleber wrote a false major misconduct ticket for smuggling tobacco.  A jury could find that a prisoner "of ordinary firmness" would be deterred from engaging in protected conduct due to the threat of a misconduct ticket and resulting punishment, including possible toplock and the loss of disciplinary credits.  *Bell, supra* 308 F.3d at 603-04. They could find that the threat alone could deter protected conduct, even if the inmate could contest the ticket and might prevail and avoid the discipline.  Finally, according to the facts as stated by Plaintiff, the alleged search and issuance of the resulting misconduct ticket occurred on the way back from the hearing at which Plaintiff engaged in protected conduct, and at which Reed and Gottleber were present.

Thus, Plaintiff has alleged sufficient facts, which if accepted as true at trial, would satisfy the standards of *Thaddeus-X* . While Plaintiff may well fail in proving a causal connection at trial, he alleges and the facts would support a finding that the ticket was written because of Plaintiff's protected conduct.  Thus, Plaintiff has stated a valid First Amendment retaliation claim against Defendant Gottleber.

        2.    *Conspiracy*

Plaintiff generally states that the defendants acted in concert to violate his constitutional rights.  In order to state a valid claim of civil conspiracy, a plaintiff must allege: 1) that there was a single plan; 2) the alleged co-conspirators shared a general objective; and 3) that an overt act was committed in furtherance of the conspiracy.  *Weberg v. Franks*, 229 F.3d 514, 526 (6th Cir. 2000).  The existence of an alleged conspiracy must be pled with some degree of specificity;

conclusory allegations are not sufficient. *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir. 1987). The undesigned's previous report and recommendation in this case, which was adopted by Judge Edmunds, noted that Plaintiff had likely stated a claim against Reed, but had not exhausted his administrative remedies. Reading the facts in the light most favorable to Plaintiff, it appears that Reed and Defendant Gottleber could have planned to retaliate against Plaintiff, and together done so by scraping the tobacco dust out of his pocket and writing the misconduct ticket. Thus, it appears that Plaintiff has stated a claim for retaliation as well as conspiracy to do the same.

3. *Qualified Immunity*

Defendant Gottleber is not entitled to qualified immunity. The initial inquiry must be whether, considered in the light most favorable to the party claiming injury, the facts establish that the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). If the facts alleged would violate a constitutional right, the second question is whether that constitutional right was clearly established at the time. *Id.*; *Summar v. Bennett*, 157 F.3d 1054, 1058 (6th Cir. 1998). This question asks not only if the law is clear, but whether it is "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier*, 533 U.S. at 202 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *see also Pray v. Sandusky*, 49 F.3d 1154, 1157 (6th Cir. 1995) (also quoting *Anderson*). The facts as alleged could demonstrate a violation of a constitutional right. The law regarding First Amendment retaliation was clearly established no later than March 1999 by *Thaddeus-X*; the alleged conduct here occurred in June 1999. The 2002 *Bell* decision held that this inmates right to be free from retaliation was clearly

9

established in June 1994 by *Newsom v. Norris,* 888 F.2d 371 (6th Cir.1989), and *Gibbs v. Hopkins,* 10 F.3d 373 (6th Cir.1993),  well before Thaddeus-X.  *Bell, supra,* 308 F.3d at 608-613,.  *Bell* acknowledged that the issue may have been clouded in 1997 by *McLaurin v. Cole,* 115 F.3d 408 (6th Cir.1997), *vacated,* 202 F.3d 269 (6th Cir.1999), that resurrected the *Cale* "shock the conscience" standard.  Yet, notwithstanding the period of confusion, the pre-*McLaurin* standard was clearly re-established in March 1999, in a highly watched and long awaited *en banc* opinion, which had no support for the *Cale, McLaurin* "shock the conscience" standard in First Amendment retaliation cases.  The actions in the present case occurred in June 1999, which is enough time after the *Thaddeus-X* decision for its teaching  to filter through to other MDOC corrections officers other than Alan Blatter. It cannot be said that a reasonable MDOC corrections officer would not be aware in June 1999 that retaliation for expressing First Amendment rights amounted to a constitutional violation.  Thus, Defendant is not entitled to qualified immunity.

III.    RECOMMENDATION

For the reasons stated, IT IS RECOMMENDED that Defendant's Motion to Dismiss be DENIED.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service, pursuant to 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but

fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation.  *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

      Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: May 13, 2005                  s/ Steven D. Pepe
Ann Arbor, Michigan               UNITED STATES MAGISTRATE JUDGE

Certificate of Service

      I hereby certify that on May 13, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Christine Campbell, and I further certify that I mailed a copy to the following non-ECF participant: Leslie Allen Burd.

                                      s/William J. Barkholz
                                        Courtroom Deputy Clerk