UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE ALLEN BURD,

    Plaintiff,

v.

GARY GOTTLEBER,

    Defendant.
_____/

Case No. 02-74280

Honorable Nancy G. Edmunds

**ORDER REJECTING MAGISTRATE JUDGE'S MAY 17, 2005 REPORT AND RECOMMENDATION**

This matter comes before the Court on the Magistrate Judge's May 17, 2005 Report and Recommendation. Being fully advised in the premises and having reviewed the record and the pleadings, including Defendant's May 19, 2005 objections, the Court ACCEPTS Defendant's Objection 4, REJECTS the Magistrate Judge's May 17, 2005 Report and Recommendation, GRANTS Defendant's motion to dismiss, and DISMISSES WITHOUT PREJUDICE Plaintiff's complaint for failing to exhaust all claims against all Defendants before filing a cause of action.

**I.    Background**

On October 30, 2002, Plaintiff Leslie Allen Burd, a prisoner of the State of Michigan, filed a *pro se* civil rights complaint against Defendants Michigan Department of Corrections and seventeen (17) of its individual employees.[1] The complaint alleged violations of

---

[1] William S. Overton, Bill Martin, Dan Bolden, Barbara N. Bock, Ruth N. Smith, Samuel Teed, Jan Epp, Richard Maxwell, Charles A. Williams, Terry L. Wilburn, Scott A. Schooley, Daniel L. Reed, Gary Gottleber, Gregory McQuiggin, Lawrence J. Hough, Charles A. Klingshirn, and Cheryl Belogna (aka Cheryl A. Soultner).

Plaintiff's First, Fifth, Eighth, and Fourteenth Amendment rights and conspiracy to violate these rights, pursuant to 42 U.S.C. § 1983. (Compl. at 19-22.) The events giving rise to these alleged violations occurred at the Saginaw Correctional Facility in Freeland, Michigan from March 1998 to March 2000.

On November 5, 2002, this Court dismissed Defendant Michigan Department of Corrections because of its Eleventh Amendment immunity from suit.

In a previous Report and Recommendation dated May 29, 2003, Magistrate Judge Steven D. Pepe recommended that all of the remaining Defendants, except Gary Gottleber, be dismissed for failure to state a claim primarily due to Plaintiff's failure to exhaust his administrative remedies as specified in 42 U.S.C. § 1997e(a), and the running of the statute of limitations. Magistrate Judge Pepe did not make a recommendation with respect to Defendant Gottleber because Gottleber had not yet been served due to his active military status. (5/29/03 R & R at 22-23.)

Magistrate Judge Pepe's May 29, 2003 Report and Recommendation was Accepted and Adopted by this Court on July 9, 2003.

On June 4, 2004, the Court received notice that Defendant Gottleber had returned from active military duty; consequently, Judge Edmunds reopened the case on June 18, 2004.

On November 8, 2004, Magistrate Judge Pepe found that Plaintiff had exhausted his administrative remedies with respect to Defendant Gottleber. (Order Regarding Exhaustion Determination at 5.)

Defendant Gottleber filed a Rule 12(b) motion to dismissal on January 11, 2005, which was answered by Plaintiff Burd on February 9, 2005.

2

On May 17, 2005, Magistrate Pepe filed a Report and Recommendation addressing Defendant Gottleber's motion to dismiss. Magistrate Pepe recommended that Plaintiff's Eighth Amendment claim alleging cruel and unusual punishment and his Fourteenth Amendment claim alleging procedural due process violations be dismissed. (5/17/05 R & R at 4-5.) Magistrate Pepe went on, however, to recommend against dismissal of Plaintiff's Fourteenth Amendment substantive due process claim alleging that he was retaliated against for exercising his First Amendment rights and his related conspiracy claim, finding that Plaintiff had stated a claim for relief as to each. (5/17/05 R & R at 8-9.)

On May 19, 2005, Defendant Gottleber filed four objections to Magistrate Judge Pepe's May 17, 2005 Report and Recommendation. This Court must now decide whether to accept and adopt or to reject in whole or in part the Magistrate's May 17, 2005 Report and Recommendation.

**II.   Analysis**

The Prisoner Litigation Reform Act (PLRA) provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2004). "The plaintiff-prisoner has the burden of proving that a grievance has been fully exhausted...and the prisoner must attach documentation to the complaint as proof." *Jones-Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005) (citing *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002)); *Brown v. Toombs,* 337 F.3d 1102, 1104 (6th Cir. 1998)).

With its decision in *Jones-Bey*, decided on April 27, 2005, the Sixth Circuit has clarified that the language of 1997e(a) requires that a prisoner must *totally* exhaust all his

3

administrative remedies with respect to each claim alleged in his complaint against each defendant. The Court further clarified that "the PLRA requires a complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims [i.e. a "mixed complaint"]." *Jones-Bey,* 337 F.3d at 805.

Since *Jones-Bey*, the Sixth Circuit and the United States District Courts within the Sixth Circuit have repeatedly reaffirmed the rule requiring total exhaustion. *See Sanchez-Ramos v. T.R. Sniezek*, 370 F. Supp.2d 652, 657 (N.D. Ohio, 2005) (holding that "[t]he district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process. . . . A prisoner whose 'mixed' complaint was dismissed may either wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted claims"); *Beedle v. Demasi*, 05 WL 1345341, *2 (E.D. Mich. 2005) (holding that "under the total exhaustion rule, a complaint containing both exhausted and unexhausted claims must be dismissed, without prejudice, in its entirety"); *Walton v. Bouchard*, 05 WL 1432490, *2-3 (6th Cir. 2005); *Williams v. Overton*, 05 WL 1513102, *3 (6th Cir. 2005). In addition to the total exhaustion requirement with respect to each claim, a plaintiff-prisoner must also exhaust his administrative remedies with respect to each defendant that is sued on the face of the complaint. *Toombs,* 337 F.3d at 1104.

The instant case presents an unusual set of procedural facts. If Defendant Gottleber had not been on active military duty when Magistrate Judge Pepe issued his May 29, 2003 Report and Recommendation, Plaintiff Burd's exhausted § 1983 claims against Defendant Gottleber would not have been subject to the total exhaustion rule announced in *Jones-Bey*, and would not have been dismissed. This Court, however, in its review of the May 17,

4

2005 Report and Recommendation, must apply current Sixth Circuit precedent; e.g., *Jones-Bey*'s total exhaustion rule.  Accordingly, this Court dismisses Plaintiff's complaint in its entirety because it alleges both exhausted claims against Defendant Gottleber and unexhausted claims against Defendants Schooly and Reed. (5/17/05 R & R at 14-15.) Pursuant to the rule announced in *Jones-Bey*, Plaintiff may file a new action which contains only exhausted claims against all Defendants.

### III.  Conclusion

For the foregoing reasons, this Court ACCEPTS Defendant Gottleber's Objection 4, REJECTS the Magistrate Judge May 17, 2005 Report and Recommendation, GRANTS Defendant's motion to dismiss, and DISMISSES WITHOUT PREJUDICE Plaintiff's complaint in light of Plaintiff's failure to totally exhaust all claims asserted against all Defendants.


        s/Nancy G. Edmunds  
        Nancy G. Edmunds  
        United States District Judge

Dated:  July 19, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 19, 2005, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer  
        Case Manager